UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL AARON TERPENING,

    Petitioner,

v.

    Case No. 1:15-cv-265

    HON. JANET T. NEFF

SARAH SCHROEDER,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court (1) deny the habeas petition; (2) deny Petitioner's request for an evidentiary hearing and additional discovery; (3) deny a certificate of appealability; (4) not certify that an appeal would not be taken in good faith. The matter is presently before the Court on Petitioner's objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner first argues that the Magistrate Judge erred in determining that his ineffective assistance of counsel claims related to the nolo contendere plea lacked merit. Petitioner continues to argue that he rejected the plea offer because his defense attorney gave him incorrect legal advice and told him that a nolo contendere plea was unavailable. Petitioner's argument misses the point.

There is nothing in the record to suggest that a nolo contendere plea offer was ever made. To the contrary, the plea offer required Petitioner to plead guilty. The Court agrees with the Magistrate Judge that "[t]he trial court's determination that [the defense attorney's] advice concerning the effect of a nolo contendere plea had no bearing on Petitioner's decision to reject the actual plea offer is well supported" (ECF No. 44 at PageID.4291). Thus, Petitioner cannot show prejudice, and the trial court's rejection of the ineffective assistance claim is not contrary to, or an unreasonable application of, *Strickland* and *Lafler*. Similarly, Petitioner's ineffective assistance of appellate counsel claim concerning appellate counsel's failure to obtain the transcript of the plea hearing and to raise the plea issue on appeal fails because the underlying argument is meritless.

Petitioner next argues that the Magistrate Judge erred in determining that the Court lacked jurisdiction over the claims related to the admission of Clayton Waidelich's testimony at the preliminary examination. The Court discerns no error. It is undisputed that Petitioner had completed the sentence on the CSC IV charge concerning Waidelich at the time Petitioner filed his habeas petition. Because Petitioner was not in custody under this conviction at the time the petition was filed, the Court lacks jurisdiction to grant habeas relief on this claim. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).

Petitioner next argues that the Magistrate Judge erred in determining that Petitioner's claims related to the exclusion of B.H.'s prior false accusations lacked merit. He appears to argue that the state trial court never addressed his confrontation clause claim despite it being clearly raised. However, as cited by the Magistrate Judge, the state trial court expressly stated, "[t]he trial court did not precluded (sic) the defense from confronting the witness about his report and therefore did not violate the defendant's right to confront his accuser" (ECF No. 44 at PageID.4296-4297 citing ECF No. 43-3 at PageID.4278). Furthermore, the Court agrees that the

2

trial court's "decision was well within the wide latitude that trial judges are afforded 'to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues'" (*Id.* at PageID.4297 citing *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986)).

Petitioner finally argues that the Magistrate Judge erred in finding that his *Brady* claims were unexhausted.  The Court disagrees. The Magistrate Judge correctly determined that Petitioner did not fairly present these claims to the state courts:

> Contrary to Petitioner's argument, he failed to exhaust this claim. Petitioner is correct that he raised his *Brady* claim in his Standard 4 brief (ECF No. 7-22 at PageID.1711; ECF No. 7-23 at PageID.1781–82), but the clerk returned the brief to Petitioner because he filed it after the court of appeals had issued its decision. (*Id.* at PageID.1784.) Petitioner is correct that he raised the issue in his motion for relief from judgment. (ECF No. 43-2 at PageID.4126, 4157–62.) However, he was later appointed counsel who filed an amended motion for relief from judgment that omitted the issue. (ECF No. 43-1 at PageID.4075–4121.) While Petitioner did raise the issue in his subsequent applications to the Michigan Court of Appeals and the Michigan Supreme Court, it was never presented to the trial court. Presentation of an issue for the first time on discretionary review to an appellate court does not fulfil the "fair presentation" requirement.

(ECF No. 44 at PageID.4299).

In sum, Petitioner's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court has examined each of Petitioner's claims under the *Slack* standard and finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 47) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is DENIED because the record and state-court findings are adequate under 28 U.S.C. § 2254(e).

**IT IS FURTHER ORDERED** that Petitioner's request for additional discovery is DENIED because he has not demonstrated good cause to conduct discovery.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

The Court does not certify that an appeal would not be taken in good faith.

Dated:  January 31, 2024      /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge